Honorable Christopher M. Alston
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Olivier Francois Rigon and Christine Hui Seoun Kwon, | ) | Case No. 21-11641-CMA |
| | ) | |
| Debtors. | ) | |
| | ) | |
| United States Trustee, | ) | Adversary Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT TO DENY DEBTORS' |
| v. | ) | DISCHARGE |
| | ) | |
| Olivier Francois Rigon and Christine Hui Seoun Kwon, | ) | |
| | ) | |
| Defendants. | ) | |

The Acting United States Trustee for Region 18, Gregory M. Garvin (the "**United States Trustee**") for claims against defendants Olivier Francois Rigon and Christine Hui Seoun Kwon (each a "**Defendant**" and together, the "**Defendants**"), asserts and alleges as follows:

## I.     <u>PARTIES</u>

1.      The plaintiff is the United States Trustee for Region 18 ("**Plaintiff**" or "**United States Trustee**"), which includes the Western District of Washington. The United States Trustee has standing to bring this action under 11 U.S.C. §§ 307 and 727(c)(1).

2.      The Defendants are the debtors in the above-captioned chapter 7 bankruptcy case.

COMPLAINT TO DENY DISCHARGE - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

## II.    JURISDICTION AND VENUE

3.      This is an adversary proceeding to deny each Defendant's discharge, brought pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (B), (a)(3), (a)(4), (a)(5) and (a)(7), and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), and the United States Trustee consents to adjudication and entry of final orders and judgments by the Bankruptcy Court for any and all matters arising in, or relating to, this adversary proceeding.

5.      Venue is proper pursuant to 28 U.S.C. § 1409(a).

## III.    FACTUAL ALLEGATIONS

### A.    PROCEDURAL BACKGROUND CONCERNING THE CASE

6.      On or about August 30, 2021 (the "**Petition Date**"), the Defendants filed a voluntary joint chapter 7 petition (the "**Petition**") in the Western District of Washington, case no. 21-11641 (the "**Chapter 7 Case**").

7.      On September 14, 2021, Defendants filed bankruptcy schedules ("**Schedules**"; each, a "**Schedule**") and a Statement of Financial Affairs ("**SOFA**").

8.      Defendants signed, under penalty of perjury, the Petition, Declaration About an Individual Debtors' Schedules (Official Form 106DEC), and their SOFA. The Petition, Schedules and SOFA are hereinafter referred to together as the "**Initial Bankruptcy Documents**."

9.      Michael P. Klein was appointed trustee in the Chapter 7 Case (the **"Trustee"**).

10.      On September 28, 2021, the Trustee held the initial meeting of creditors in the Chapter 7 Case (the "**First Chapter 7 Creditors' Meeting**").

11.      The Defendants testified[1] at the First Chapter 7 Creditors' Meeting.  The Defendants' bankruptcy attorney, David Smith, was also present.

---

[1] Throughout the various meetings of creditors, Defendant Ms. Kwon testified on behalf of herself and Defendant Mr. Rigon.  Defendant Mr. Rigon agreed at the beginning of the First Chapter 7 Creditors' Meeting that he would inform the Trustee if his answer was different from Defendant Ms. Kwon's testimony.

COMPLAINT TO DENY DISCHARGE - 2

12.     At the First Chapter 7 Creditors' Meeting, each Defendant testified that: he/she had read and signed the Initial Bankruptcy Documents; the information in the Initial Bankruptcy Documents was true and correct; and the Initial Bankruptcy Documents listed all assets and debts.

13.     The First Chapter 7 Creditors' Meeting was ultimately continued to October 26, 2021, because of the Trustee's need for additional documents (the "**Second Chapter 7 Creditors' Meeting**").

14.     The Second Chapter 7 Creditors' Meeting was ultimately continued to November 9, 2021, because of the Trustee's need for additional documents (the "**Third Chapter 7 Creditors' Meeting**").

15.     The Third Chapter 7 Creditors' Meeting was ultimately continued to December 14, 2021, because of the Trustee's need for additional documents (the "**Fourth Chapter 7 Creditors' Meeting**").

16.     The Fourth Chapter 7 Creditors' Meeting was ultimately continued to January 11, 2022, because of the Trustee's need for additional documents and due to a family emergency of Defendants' counsel (the "**Fifth Chapter 7 Creditors' Meeting**").

17.     The Defendants testified at the Fifth Chapter 7 Creditors' Meeting.  The Defendants' bankruptcy attorney, David Smith, was also present.

18.     The Fifth Chapter 7 Creditors' Meeting was ultimately continued to February 8, 2022, because of the Trustee's need for additional documents (the "**Sixth Chapter 7 Creditors' Meeting**").

19.     The Defendants testified at the Sixth Chapter 7 Creditors' Meeting. The Defendants' bankruptcy attorney, David Smith, was also present.

20.     The Sixth Chapter 7 Creditors' Meeting was ultimately continued to March 8, 2022, because of the Trustee's need for additional documents, specifically, the Defendants' 2018 tax return (the "**Seventh Chapter 7 Creditors' Meeting**").

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

21.     The Defendants testified at the Seventh Chapter 7 Creditors' Meeting. The Defendants' bankruptcy attorney, David Smith, was also present.

22.     The Seventh Chapter 7 Creditors' Meeting was ultimately continued to April 26, 2022, because of the Trustee's need for additional documents (the "**Eighth Chapter 7 Creditors' Meeting**").

23.     On September 30, 2021, following an *ex parte* motion of the United States Trustee, the Court entered an order in the Defendants' Chapter 7 Case permitting the Fed. R. Bankr. P. 2004 examination of the Defendants. (Chapter 7 Case, Docket No. 23).

24.     On October 1, 2021, the United States Trustee issued a subpoena seeking the production of documents from Defendants ("**Document Subpoena**"). On October 4, 2021, the United States Trustee issued an appearance subpoena, scheduling Defendants' examination under oath ("**Appearance Subpoena**").

25.     The Document Subpoena requested production of responsive documents by October 18, 2021. No documents were produced to the United States Trustee by October 18, 2021. Defendants, through counsel, produced some responsive documents on October 25, 2021.

26.     On October 27, 2021, creditor Europakids Preschool, LLC ("**Europakids**"), through counsel, conducted an examination of the Defendants pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Debtors' Initial 2004 Examination**"), which counsel for the United States Trustee attended. The Debtors' Initial 2004 Examination was continued because the United States Trustee, through counsel, had not received many responsive documents to its Document Subpoena. On March 16, 2022, the United States Trustee, through counsel, conducted an examination of the Defendants ("**Debtors' Continued 2004 Examination**"). The Debtors' Initial 2004 Examination and the Debtors' Continued 2004 Examination are hereinafter referred to together as the "**2004 Exam**."

27.     At the 2004 Exam, the Defendants testified regarding their assets, liabilities, income, business operations, and other things, discussed further below.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

**B.**     **DEFENDANTS' BACKGROUND**

28.     In 2006, Defendant Ms. Kwon obtained a Bachelor's degree from the University of Alabama in management information systems.

29.     Defendant Mr. Rigon obtained a GED in 2019.

30.     In 2015, Defendants moved to Washington State because Defendant Ms. Kwon was starting a job at Amazon as a Data Engineer where she earned a base salary of approximately $160,000 per year.

31.     In 2015, Defendant Ms. Kwon formed Rock PI LLC ("**Rock PI**"). Upon information and belief, since 2015, Defendant Ms. Kwon has been the 100% managing member of Rock PI.

32.     Defendant Mr. Rigon and Defendant Ms. Kwon married in 2016 in Washington State. No prenuptial agreement was signed between them.

33.     In January 2018, Defendant Ms. Kwon left her job at Amazon to work full time at Rock PI. She worked at Rock PI until February 2019 when she joined Lithia Motors, Inc. ("**Lithia**"), a publicly traded company, where she currently works. Defendant Ms. Kwon testified in examination under oath that she received a salary at Rock PI but she could not remember how long she was salaried with Rock PI.

34.     Defendant Ms. Kwon holds a real estate license which she obtained in or around 2015. For the last two to three years, according to Defendant Ms. Kwon, she has been a real estate broker for Pellego, Inc. ("**Pellego**"). Defendant Ms. Kwon is listed on Pellego's website as follows: https://www.pellego.com/a/christine-kwon. According to Defendant Ms. Kwon's webpage on Pellego's website, Defendant Ms. Kwon is a "high volume flipper, with a portfolio of rentals across the US. [Defendant Ms. Kwon] works with rental buyers and capital partners."

35.     Since March 2020, Defendant Mr. Rigon has been employed as a police officer in Seattle. Upon information and belief, before his work as a police officer, Defendant Mr. Rigon worked for Rock PI with a salary of approximately $60,000. Defendant Mr. Rigon is uncertain when his salary from Rock PI stopped being paid but he testified under oath that it was before he left Rock PI to begin working as a police officer.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

36.     Defendant Mr. Rigon obtained his real estate license in 2019. Upon information and belief, Defendant Mr. Rigon was a real estate broker for Best Choice Realty LLC.

**C.     THREE UNDISCLOSED SALES BY DEFENDANTS IN 2020**

**i.     2315 Denny Street Property Sale**

37.     In 2016, Rock PI purchased the real property located at 2315 Denny Street, Bremerton, WA 98310 (the "**2315 Denny Street Property**").

38.     In 2017, Rock PI quitclaimed the 2315 Denny Street Property to Defendant Ms. Kwon. According to Defendant Ms. Kwon, there was no consideration for this quitclaim.

39.     On April 1, 2019, Rock PI took out a Deed of Trust on the 2315 Denny Street Property in favor of 752 Wealth Trust for $25,000 in principal with a ninety-day maturity date on July 1, 2019.

40.     Upon information and belief, in May 2020, Defendant Ms. Kwon sold the 2315 Denny Street Property (the "**2315 Denny Street Property Sale**") for $213,653.10.

41.     Upon information and belief, $19,072.51 was due to Seller, Defendant Ms. Kwon, as proceeds from the 2315 Denny Street Property Sale.

42.     The 2315 Denny Street Property Sale was not disclosed by the Defendants in their SOFA.

43.     Initially, when asked by the Trustee at the First Chapter 7 Meeting of Creditors if they had sold any property in the last two years, the Defendants answered "no."

44.     Once confronted with evidence to the contrary by the Trustee, the Defendants then testified at the First Chapter 7 Meeting of Creditors that they owned the 2315 Denny Street Property and sold it in 2020. At the First Chapter 7 Meeting of Creditors, Defendants testified that they could not recall what happened to the proceeds from the properties they sold in 2020, which would include the 2315 Denny Street Property Sale.

45.     The Defendants testified at the 2004 Exam that a tenant of 2315 Denny Street Property paid approximately $1,000 per month to them in rent for a number of years until the 2315 Denny Street Property sold in 2020.

COMPLAINT TO DENY DISCHARGE - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

46.     Defendant Ms. Kwon initially testified at the 2004 Exam that she believed that $19,072.51 from the 2315 Denny Street Property Sale went to one of the Defendants' personal bank accounts. This amount was not found in the personal bank account statements produced by the Defendants.

47.     No accounting records produced by Defendants show where Defendant Ms. Kwon's seller proceeds of $19,072.51 from the 2315 Denny Street Property Sale were sent to.

48.     If any seller proceeds from the 2315 Denny Street Property Sale were a gift to Rock PI, it, too, should have been disclosed in the Defendants' SOFA (the "**2315 Denny Street Gift**").

49.     In the Document Subpoena, the United States Trustee requested all transactional documents relating to any purchase and sale agreements, property deeds, loan agreements, promissory notes, security agreements, deeds of trust, and final closing statements for any real property transactions entered into by Defendants in the two years preceding the Petition Date.

50.     All closing documents relating to the 2315 Denny Street Property Sale are responsive to the United States Trustee's Document Subpoena request described in the preceding paragraph. The only document produced relating to this sale was a one-page Final ALTA settlement statement ("**2315 Denny Settlement Statement**") which included a $28,790.26 payoff to 752 Wealth Trust's Deed of Trust.

**ii.     2317 Denny Street Property Sale**

51.     In 2016, Rock PI purchased the real property located at 2317 Denny Street, Bremerton, WA 98310 (the "**2317 Denny Street Property**").

52.     In 2017, Rock PI quitclaimed the 2317 Denny Street Property to Defendant Ms. Kwon. According to Defendant Ms. Kwon, there was no consideration for this quitclaim.

53.     Upon information and belief, in November 2020, Defendant Ms. Kwon sold the 2317 Denny Street Property for $162,260.69 (the "**2317 Denny Street Property Sale**").

54.     The 2317 Denny Street Property Sale was not disclosed by the Defendants in their SOFA.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

55.     Once confronted with evidence by the Trustee, the Defendants testified at the First Chapter 7 Meeting of Creditors that they owned the 2317 Denny Street Property and sold it in 2020. At the First Chapter 7 Meeting of Creditors, Defendants testified that they could not recall what happened to the proceeds from the properties they sold in 2020, which would include the 2317 Denny Street Property Sale.

56.     All closing documents from the November 2020 sale of the 2317 Denny Street Property were responsive to the United States Trustee's Document Subpoena. The only document produced relating to this sale was a one-page Final ALTA settlement statement ("**2317 Denny Settlement Statement**") which included a $1,000 commission to Pellego, a $5,000 payoff to Rainier Trails, LLC, and a $16,280 payment to Construction Points.

57.     At the 2004 Exam, Defendants testified that a tenant of 2317 Denny Street Property paid them monthly rent but that they could not remember the amount. In their 2017 federal taxes, Defendants listed annual rents received for 2317 Denny Street as $15,614.

58.     At the 2004 Exam, Defendant Ms. Kwon testified that she received the $1,000 Pellego commission referenced but that $500 covered her monthly dues. The United States Trustee could not locate this commission in the disclosed bank accounts.

59.     Upon information and belief, regarding the $5,000 payoff to Rainier Trails, LLC as part of the 2317 Denny Settlement Statement, Rainier Trails, LLC's recorded judgment is against Rock PI.

60.     In their SOFA, Defendants did not disclose that they made any payment or sold any property within a year of the Petition Date on account of a debt that benefited an insider such as Rock PI.

**iii.     2319 Denny Street Property Sale**

61.     In 2016, Rock PI purchased the real property located at 2319 Denny Street, Bremerton, WA 98310 (the "**2319 Denny Street Property**"; together with 2315 Denny Street Property and 2317 Denny Street Property, the "**Three Denny Street Properties**").

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

62.     In 2017, Rock PI quitclaimed the 2319 Denny Street Property to Defendant Ms. Kwon. According to Defendant Ms. Kwon, there was no consideration for this quitclaim.

63.     Upon information and belief, in July 2020, Defendant Ms. Kwon sold the 2319 Denny Street Property for $199,000.00 (the "**2319 Denny Street Property Sale**").

64.     The 2319 Denny Street Property Sale was not disclosed by the Defendants in their SOFA.

65.     Once confronted with evidence by the Trustee, the Defendants testified at the First Chapter 7 Meeting of Creditors that they owned the 2319 Denny Street Property and sold it in 2020. At the First Chapter 7 Meeting of Creditors, Defendants testified that they could not recall what happened to the proceeds from the 2020 sales of the Three Denny Street Properties.

66.     At the 2004 Exam, the Defendants testified that a tenant of 2319 Denny Street Property paid approximately $1,000 per month to them for a number of years until the 2319 Denny Street Property sold in 2020.

67.     All closing documents from the July 2020 sale of the 2319 Denny Street Property were responsive to the United States Trustee's Document Subpoena. The only document produced relating to this sale was a two-page Final ALTA settlement statement ("**2319 Denny Settlement Statement**").

68.     According to the 2319 Denny Settlement Statement, $48,438.77 was due to the seller, Defendant Ms. Christine Kwon.

69.     This amount of $48,438.77 was not identified in any of the bank account statements produced by the Defendants.

70.     Upon information and belief, Defendants did not disclose the $48,438.77 as part of their gross income in their Schedules.

71.     Upon information and belief, the proceeds of $48,438.77 cannot be located from any document produced to the United States Trustee in response to the Document Subpoena.

**D.**     **DEFENDANTS FAILED TO DISCLOSE SEVERAL FORMS OF INCOME**

72.     Defendants' SOFA discloses their *gross*, collective income at Question 4 as follows:

COMPLAINT TO DENY DISCHARGE - 9

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

a. $199,802.44 for 2021 calendar year-to-date as of the Petition Date;

b. $225,537.04 for calendar year 2020; and

c. $126,951 for calendar year 2019.

73. Defendants' Schedule I and J disclose that their

a. Gross monthly income is $23,463.08.

b. Net monthly income after payroll deductions (including voluntary contributions for retirement plans) plus family support payments is $17,288.74.

c. Total monthly expenses are $16,490.00. Defendants list $2,500 for a monthly home ownership expense which Defendants have not paid since 2019, and $2,200 for a monthly second mortgage expense that Defendants have not paid since summer or fall of 2020 according to the Defendants' testimony at the First Chapter 7 Creditors' Meeting.

d. In the months leading up to their bankruptcy, Defendants paid $2,250 per month to family members in gifts. In addition, less than a month before filing their Chapter 7 Case, Defendants took a family vacation to Yellowstone National Park.

74. At their 2004 Exam, the Defendants testified that they believed that the only income included in response to Question 4 of the Defendants' SOFA was for their jobs as a police officer and IT director.

**i.** **Undisclosed Income from Sands Holdings, LLC and Bamboo Consulting**

75. According to Defendants' Schedules, they own a 5% interest in Sands Partners, LLC. According to the Defendants' testimony at the 2004 Exam, Sands Partners, LLC owns a motel called The Royal, located at 781 Ocean Shores NW, Ocean Shores, Washington 98569 (the "**Royal**"). The Defendants also hold a 5% interest in Sands Holdings, LLC. According to the Defendants' testimony at the 2004 Exam, Sands Holdings, LLC owns a hotel called the Sands Hotel, located at 801 Ocean Shores Boulevard NW, Ocean Shores, Washington 98569 (the "**Sands Hotel**"). According to Defendants' Schedules, each of these 5% interests is worth $0.00.

COMPLAINT TO DENY DISCHARGE - 10

76.     In response to the United States Trustee's Document Subpoena, the Defendants produced the operating agreement of Sands Partners, LLC which was signed by its two members: Defendant Ms. Kwon and Cong-Khanh Nguyen in August 2019. Section 2.3 of the Sands Partners, LLC's operating agreement states that each member's ownership interest is 50%. Upon information and belief, Defendant Ms. Kwon's ownership interest in Sands Partners, LLC was reduced by later amendment of the LLC operating agreement to 5%. According to Defendant Ms. Kwon, she received no consideration for this reduction in her membership interest in Sands Partners, LLC.

77.     In response to the United States Trustee's Document Subpoena, the Defendants produced the operating agreement of Sands Holdings, LLC which was signed by its three initial members, Defendant Ms. Kwon, Satya Kusumanchi, and Cong-Khanh Nguyen in August 2019. Defendant Ms. Kwon initially held a 25% interest. Upon information and belief, by amendment, Defendant Ms. Kwon's ownership interest in Sands Holdings, LLC was reduced to 5%. According to Defendant Ms. Kwon, she received no consideration for this reduction in her membership interest in Sands Holdings, LLC.

78.     Upon information and belief, Sands Partners, LLC and Sands Holdings, LLC paid approximately $2.47 million for the Royal and Sands Hotels in 2019.

79.     In 2021, according to their personal bank statements, Defendants received at least $25,000 from Sands Holdings, LLC. This income was not disclosed in their SOFA. Defendants testified at the First Chapter 7 Creditors Meeting that they had earned no income from Sands Holdings, LLC.

80.     In addition, in 2021, according to their personal bank statements, Defendants received $5,000 from Bamboo Consulting, LLC, another business owned by Cong-Khanh Nguyen. This income was also not reported as part of the Defendants' SOFA.

**ii.     Undisclosed Income Relating to Rock PI and Real Estate Commissions**

81.     Defendants do not list their income relating to rental properties for properties in their names, any Pellego income, or income from any other source such as any distributions or salary payments from Rock PI.

COMPLAINT TO DENY DISCHARGE - 11

82.     Upon information and belief, there were several transfers from Rock PI to Defendants' personal bank account from 2019 to 2020.

83.     For example, on or about May 24, 2019, Rock PI sold real property located at 1702 34th Avenue, Seattle, WA 98122 for $1,170,000.00. On May 28, 2019, proceeds from that sale of $294,048.92 were deposited into Rock PI's business account. Rock PI, through its business account, then deposited $70,000 into Defendants' personal account on May 28, 2019 and $4,700 into Defendants' personal account on May 29, 2019. Defendants testified that it is possible that they used this money to pay off credit cards that were used for Rock PI expenses. Any credit card statements in support of this testimony by Defendants were not produced.

84.     As detailed below, there is no accounting for this time period to determine if these transfers were loans, salary payments, or distributions to Defendants. That said, Defendant Ms. Kwon testified under oath at Rock PI's Chapter 7 Meeting of Creditors on March 25, 2021 that Rock PI never paid her back for any money that she gave to Rock PI.

E.     **DEFENDANTS' UNDISCLOSED BANK ACCOUNTS**

85.     In response to the United States Trustee's Document Subpoena, Defendants produced bank statements from a personal savings account with Bank of America ending in x9462. This savings account was not disclosed in the Defendants' Schedules.

86.     In response to the United States Trustee's Document Subpoena, Defendants produced bank statements that showed transfers to another Bank of America account, ending in x6586. At their 2004 Exam, Defendants initially testified that the Bank of America account, ending in x6586, is another Rock PI business account. No records were produced involving this x6586 bank account. Rock PI did not disclose this bank account in Rock PI's schedules or as an account closed in the year before the Petition Date if that is what occurred. At the continued 2004 Exam, in March 2022, Defendants amended their testimony, once informed that the United States Trustee was aware of a LLC named Chrisol Group LLC, to state that the bank account ending in x6586 is a business account for Chrisol Group, LLC.

COMPLAINT TO DENY DISCHARGE - 12

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

87.     At this time, the United States Trustee is not certain if there are other bank accounts other than the two described above that Defendants have not disclosed in their Schedules or in Rock PI's schedules.

**F.     DEFENDANTS FAILED TO DISCLOSE CHRISOL GROUP, LLC**

88.     At the 2004 Exam, Defendants testified that they own Chrisol Group, LLC ("**Chrisol Group**") but they did not believe Chrisol Group was still in existence.

89.     According to the website of the Texas Comptroller of Public Accounts, Chrisol Group is an active LLC.

90.     Defendants' interest in Chrisol Group was not disclosed in the Defendants' Schedules, whether it is an active LLC or one that has closed in the last four years.

91.     Upon information and belief, if the account ending in x6586 is Chrisol Group's account, it is under the control of the Defendants.

92.     In January 2020, there were two transfers together amounting to $3,900.00 from Rock PI's business account to the account ending in x6586. The Defendants' only explanation for these transfers between Rock PI and Chrisol Group was that it was a "mistake," but there is no evidence that Chrisol Group paid back the money to Rock PI.

**G.     DEFENDANTS FAILED TO DISCLOSE UNVESTED STOCKS**

93.     In Paragraph 18 of Schedules A/B regarding bonds, mutual funds, or publicly traded stocks, Defendants identified $5,300 in stock.

94.     In response to the United States Trustee's Document Subpoena, Defendants produced an E*Trade statement for the period of September 1, 2021 until September 30, 2021. In that statement, Defendants had, as of September 2021, $28,533.60 in unvested restricted stocks of Lithia (90 shares trading at $317.04) which were granted on September 1, 2020 ("**2020 RSUs**"). In addition, Defendants had, as of September 2021, $33,923.28 in unvested restricted stocks of Lithia (107 shares trading at $317.04) which were granted on January 1, 2021 ("**2021 RSUs**"; together with 2020 RSUs, the "**RSUs**").

95.     Upon information and belief, Defendants did not disclose the RSUs in the Schedules, in the SOFA, or to the Chapter 7 Trustee.

COMPLAINT TO DENY DISCHARGE - 13

96.     While the value of the RSUs may be debatable because it is unknown when they vest, the RSUs should have been disclosed in the Schedules.

**H.      GENERAL BACKGROUND OF ROCK PI AND ITS BANKRUPTCY**

97.     Rock PI was incorporated in 2015 in Nevada.

98.     Rock PI's business was flipping properties.

99.     Rock PI filed for bankruptcy on February 25, 2021 ("**Rock PI Petition Date**") under Case No. 21-10390 ("**Rock PI Chapter 7 Case**"). Defendant Ms. Kwon, as managing member of Rock PI, signed Rock PI's petition under penalty of perjury. On March 12, 2021, Rock PI filed bankruptcy schedules and a Statement of Financial Affairs. Defendant Ms. Kwon, as managing member of Rock PI, signed Rock PI's Declaration under Penalty of Perjury for Non-Individual Debtors (Official Form 202) and Rock PI's statement of financial affairs (Official Form 207) under penalty of perjury.

100.    Nancy L. James was appointed trustee in the Rock PI Chapter 7 Case ("**Rock PI Trustee**").

101.    On March 25, 2021, the Rock PI Trustee held the meeting of creditors in the Rock PI Chapter 7 Case ("**Rock PI Chapter 7 Meeting of Creditors**").

102.    At the Rock PI Chapter 7 Meeting of Creditors, Defendant Ms. Kwon testified under oath on behalf of Rock PI. Rock PI's counsel, David Smith, was also present.

103.    At the Rock PI Chapter 7 Meeting of Creditors, Defendant Ms. Kwon testified about, among other things, that the schedules and statement of financial affairs in the Rock PI Chapter 7 Case were true and accurate, that Defendant Ms. Kwon signed them, and that no modifications were needed.

104.    According to Rock PI's schedules, its 2019 gross income was $3,090,000.00. Its 2020 gross income was $2,265,500.00. Defendants testified these numbers were generated solely from sales of properties. If one adds up all of the total values of real estate transfers disclosed in paragraph 13 of Rock PI's statement of financial affairs, minus $6,000 (the truck transferred from Rock PI to Defendant Ms. Kwon in February 2021), the total is $5,355,500, i.e., Rock PI's gross income for 2019 and 2020, combined.

COMPLAINT TO DENY DISCHARGE - 14

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

105.    At the 2004 Exam, Defendants were unable to testify to their retained earnings over the course of the business of Rock PI due to a lack of accounting and were unable to provide any estimate of their earnings from their membership interest in Rock PI.

106.    According to Rock PI's schedules, its total liability as of the Rock PI Petition Date was $2,433,023.42. According to Rock PI's schedules, Rock PI only had a real or equitable interest in one property as of the Rock PI Petition Date. Upon information and belief, Rock PI sold approximately eleven (11) properties in the two years leading up to the Petition Date, only six (6) of which were disclosed in Rock PI's Statement of Financial Affairs, and five (5) of which were not disclosed.

**I.    FIVE UNDISCLOSED ROCK PI PROPERTY SALES**

**i.    6009 47th Ave SW Seattle, WA Property Sale**

107.    In 2018, Rock PI purchased the real property located at 6009 47th Ave SW Seattle, WA 98136 ("**47th Avenue Property**") for $515,000.00.

108.    Upon information and belief, in May 2019, Rock PI sold the 47th Avenue Property for $820,000. This sale was not disclosed in Rock PI's statement of financial affairs.

109.    Upon information and belief, the sales proceeds exceeded $74,000. In response to the United States Trustee Document Subpoena, Defendants did not produce any documents relating to the 47th Avenue Property sale in 2019.

**ii.    Meeker Avenue Property Sale**

110.    In 2018, Rock PI purchased the real property located at 501 Meeker Ave SW Puyallup, WA 98371 ("**Meeker Avenue Property**") for $350,000.00.

111.    On or about January 14, 2020, Rock PI sold the Meeker Avenue Property for $495,000.00.

112.    The Meeker Avenue Property sale was not disclosed in Rock PI's statement of financial affairs.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

113.     According to Defendants, there were no sale proceeds from the Meeker Avenue Property sale and the buyer, Hengzhi Yang ("**Ms. Yang**"), a friend of Defendant Ms. Kwon, received a $70,000 buyer's credit. In response to the United States Trustee's Document Subpoena, Defendants did not produce any documents relating to the Meeker Avenue Property or its 2020 sale.

### iii.     18th Avenue Property Sale

114.     In 2018, Rock PI purchased the real property located at 8402 18th Ave SW, Seattle, WA 98106 ("**18th Avenue Property**") for $450,000.00.

115.     On or about May 13, 2020, Rock PI sold the 18th Avenue Property for $625,000.00.

116.     The 18th Avenue Property sale was not disclosed in Rock PI's statement of financial affairs. In response to the United States Trustee's Document Subpoena, Defendants did not produce any documents relating to the 18th Avenue Property or its 2020 sale.

117.     Upon information and belief, Rock PI received $19,095.74 in sale proceeds from the 18th Avenue Property sale.

### iv.     129th Hartford Avenue Sale

118.     In 2017, Rock PI purchased the real property located at 129 S Hartford Avenue, Bremerton, WA ("**129th Hartford Avenue Property**") for an unknown amount.

119.     Upon information and belief, on or about March 28, 2019, Rock PI sold the 129th Hartford Avenue Property to Defendant Ms. Kwon's friend, Ms. Yang, for $255,000.

120.     The 129th Hartford Avenue Property sale was not disclosed in Rock PI's statement of financial affairs. In response to the United States Trustee's Document Subpoena, Defendants did not produce any documents relating to the 129th Hartford Avenue Property sale from 2019.

121.     Upon information and belief, Rock PI received $6,265.77 in sale proceeds from the 129th Hartford Avenue Property sale.

COMPLAINT TO DENY DISCHARGE - 16

### v.    5224 Grove Street Property Sale

122.    In 2018, Rock PI purchased the real property located at 5224 Grove Street, Marysville, Washington ("**5224 Grove Street Property**") for an unknown amount.

123.    Upon information and belief, on or about December 17, 2019, Rock PI sold the 5224 Grove Street Property for an unknown amount.

124.    The 5224 Grove Street Property sale was not disclosed in Rock PI's statement of financial affairs. In response to the United Sates Trustee's Document Subpoena, Defendants did not produce any documents relating to the 5224 Grove Street Property sale from 2019.

125.    Upon information and belief, Rock PI received $17,000.00 in sale proceeds from the 5224 Grove Street Property sale.

### J.    DEFENDANTS' UNDISCLOSED GIFTS TO ROCK PI

126.    In the two years leading up to the Defendants' Chapter 7 Petition Date, upon information and belief and incomplete accounting records, Defendants made the following gifts to Rock PI exceeding $85,000 (collectively, 118.a. – 118.x, are hereinafter referred to as the "**Gifts**"):

      a.    $3,000 on September 25, 2019;

      a.    $4,000 on October 4, 2019;

      b.    $4,000 on October 10, 2019;

      c.    $1,000 on November 12, 2019;

      d.    $4,200 on November 25, 2019;

      e.    $2,000 on December 10, 2019;

      f.    $5,000 on December 24, 2019;

      g.    $3,500 on December 27, 2019;

      h.    $5,000 on February 11, 2020;

      i.    $4,000 on February 26, 2020;

      j.    $3,000 on March 10, 2020;

      k.    $3,000 on March 13, 2020;

      l.    $3,000 on April 1, 2020;

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

m. $3,000 on April 10, 2020;

n. $5,000 on April 30, 2020;

o. $3,000 on May 4, 2020;

p. $5,000 on May 11, 2020;

q. $5,000 on June 11, 2020;

r. $1,000 on September 10, 2020;

s. $1,000 on September 15, 2020;

t. $10,000 on October 1, 2020;

u. $5,500 on October 30, 2020;

v. $2,500 on November 30, 2020; and

w. $500 on January 4, 2021.

127.    Defendants did not disclose the Gifts in their SOFA.

**K.    ROCK PI'S AND DEFENDANTS' LACK OF BUSINESS RECORDS**

128.    Defendants never produced certain requested documents to the United States Trustee, including:

a.    Transactional documents involving various real property sales entered into by Rock PI. The Defendants produced one-page or two-page closing statements on some properties but not all closing documents requested under the United States Trustee's Document Subpoena.

b.    Complete account statements for any and all financial accounts that is or was in Rock PI's name. The Defendants did not produce records for all of Rock PI's accounts including failing to produce any credit card statements with respect to Rock PI.

c.    Complete account statements for any and all financial accounts that is or was in the Defendants' name. Defendants failed to produce credit card statements, PayPal, Zelle,

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

or Venmo statements, all of which the Defendants had accounts for, and should have been produced.

        d.      All Documents or Communications relating to any deeds relating to real property from two years prior to Defendants' Petition Date. No documents or communications were produced responsive to this request.

        e.      Defendants' 2019 through 2021 tax returns. None were produced because the Defendants have not filed them. Upon information and belief, Defendants have not filed taxes since 2017.

        f.      Transactional documents involving various real property sales entered into by the Defendants. The Defendants produced closing statements on the Three Denny Street Property sales but not all closing documents requested under the United States Trustee's Document Subpoena.

        129.    Upon information and belief, from 2018 until Rock PI's Petition Date, Rock PI did not keep contemporaneous accounting records. Upon information and belief, Rock PI has not filed taxes since 2017. Defendants, following their Petition Date and following Rock PI's Petition Date, have been attempting to create Rock PI's accounting records from 2018 until 2021 from whole cloth. To date, one complete accounting document of Rock PI has been produced to the United States Trustee which Defendants testified was "a hundred percent inaccurate" at the 2004 Exam:

> Q. [Mr. Moore] And would you say – I mean, just looking at this in general and having now more familiarity with a lot of these properties, is it fair to say that most of this document is inaccurate?
>
> A. [Ms. Kwon] That is correct…

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Q. [Mr. Moore] Okay. Go ahead, Ms. Kwon.

A. [Ms. Kwon] Okay. Yeah, this particular balance
sheet is, I would say, a hundred percent inaccurate
because we – this does not have any bookkeeping
information finalized. So any information here is
literally whatever is captured at the time without
actually properly doing the bookkeeping aspects.

130.    Defendant Ms. Kwon testified as follows at the 2004 Exam about Rock PI's

accounting:

Q. [Mr. Wenokur] Ms. Kwon, so you have my or
EuropaKids' Exhibit 1, which is the subpoena. I
wanted to ask you some questions about the document
production. With respect to item 2, which asks for
essentially all accounting documents since 2019 for
Rock PI, all that I've received is a balance sheet,
which I'll ask you about in a little bit, but
nothing else in the way of general ledgers,
registers, profit and loss statements, anything like
that. Why are there no accounting documents for Rock
PI?

A. [Ms. Kwon] Because we don't have those yet…

Q. [Mr. Wenokur] So there was -- if an expense was
related to a particular project, one of several
property developments, was that tagged at the time
the expense was incurred?

A. [Ms. Kwon] No.

131.    Similarly, according to Defendants' testimony at the 2004 Exam, they did not

keep contemporaneous accounting records for their personal finances from 2018 until 2021.

132.    Defendant Ms. Kwon testified at the 2004 Exam that she did not believe

Defendants had a record of transactions between Rock PI and the Defendants as individuals

other than Rock PI's and Defendants' bank statements:

COMPLAINT TO DENY DISCHARGE - 20

Q…[Mr. Wenokur]…I asked in item 5 for documents related to transfers of money between Rock PI and yourself personally. I've received bank statements. Are there any other documents that show transactions between you and your company?

A. [Ms. Kwon] I don't -- I don't know. I don't believe so.

Q. Is there a separate ledger kept within QuickBooks for transactions between you and the company?

A. Not that I know of.

**L.** **IMPENDING FORECLOSURE PRECIPITATED ROCK PI'S FILING**

133.    By the time Rock PI filed the Rock PI Chapter 7 Case, there was only one real property left in Rock PI's name, according to Rock PI's schedules, the real property located at 131 29th Avenue, Seattle, WA 98112, which Defendants sometimes refer to as the Pink Property (hereinafter, "**Pink Property**").

134.    Rock PI purchased the Pink Property in August 2018 for $570,000.00.

135.    At the time of Rock PI's purchase of the Pink Property in 2018, it took out a first deed of trust with Magnolia Capital Partners LLC ("**Magnolia**"). The Note in favor of Magnolia secured by a Deed of Trust on the Pink Property was for $603,000.00 in principal and the maturity date was one year, i.e., due in full plus interest, by August 13, 2019.

136.    On August 13, 2018, Rock PI took out a second position loan on the Pink Property with Tek Chai for $90,000.00 in principal, plus interest with a one-year maturity date, by August 13, 2019.

137.    In July 2019, Rock PI took out a third position loan on the Pink Property with Europakids for $50,000.00 in principal, plus interest, with a one-year maturity date, by July 19, 2020.

COMPLAINT TO DENY DISCHARGE - 21

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

138.    In August 2019, Rock PI took out a fourth position loan on the Pink Property with Querel Family Properties LLC for $100,000.00 in principal, plus interest, with a one-year maturity date, by August 26, 2020.

139.    In September 2019, Rock PI took out a fifth position loan on the Pink Property with Ron Upshaw for $30,000.00 in principal, plus interest, with a one-year maturity date, by September 4, 2020.

140.    At the 2004 Exam, Defendants testified that the second to fifth position loans on the Pink Property were all loans by friends or family friends.

141.    On September 16, 2020, a notice of a trustee's sale was recorded relating to the Pink Property because Rock PI was delinquent on Magnolia's first mortgage. The trustee's sale on the Pink Property was originally scheduled for December 2020 but was continued to April 2021. Before the continued trustee's sale date, Rock PI filed the Rock PI Chapter 7 Case.

142.    After Magnolia obtained a relief from stay order in the Rock PI Chapter 7 Case, the non-judicial foreclosure sale occurred in 2021 and Rock Holdings LLC purchased the Pink Property for $597,000.00.

143.    Because of a lack of accounting records, it is unclear where the money provided by Mr. Chai, Europakids, Querel Family Properties LLC, or Mr. Upshaw was allocated to and if it was allocated to the Pink Property project or elsewhere.

**M.    FORECLOSURES AND LAWSUITS LED TO DEFENDANTS' FILING**

144.    On or about October 2016, Rock PI purchased the real property located at 311 S 15th Street Renton, WA 98055 ("**Renton Property**").

145.    In 2017, Rock PI quitclaimed the Renton Property to Defendant Ms. Kwon for no consideration.

146.    In 2017, Defendant Ms. Kwon took out a mortgage with Caliber Home Loans, Inc. on the Renton Property.

147.    Defendant Ms. Kwon defaulted on the Renton Property's mortgage with Caliber Home Loans, Inc.

COMPLAINT TO DENY DISCHARGE - 22

148.    On or about July 24, 2020, the Renton Property was, via a non-judicial foreclosure, sold to a third party.

149.    Following the foreclosure of the Renton Property, Defendants relocated and eventually moved to 1157 NE Regal Court, Bremerton, WA 98311 (the "**Regal Court Property**") in 2021.

150.    In 2018, the Regal Court Property was quitclaimed from Rock PI to Defendant Ms. Kwon for no consideration.

151.    Upon information and belief, from 2018 until 2021, Defendants rented out the Regal Court Property. Upon information and belief, from 2018 until 2021, a tenant of Regal Court Property paid approximately $1900 in monthly rent to the Defendants.

152.    On July 8, 2020, a notice of a trustee's sale was recorded relating to the Regal Court Property because Defendants were delinquent on the first mortgage secured by the Regal Court Property.

153.    The trustee's sale on the Regal Court Property was scheduled for November 2021. Before then, the Defendants filed the Chapter 7 Case.

154.    According to the Defendants' Schedules, several lawsuits involving Defendant Ms. Kwon preceded the Petition Date, including two lawsuits initiated by and concluded by creditors in 2020.

155.    Upon information and belief, Defendants filed their Chapter 7 Case the day before Europakids' originally scheduled Rule 2004 examination of Rock PI was set to occur.

## IV.    <u>CLAIM FOR RELIEF</u>

### FIRST CLAIM FOR RELIEF

11 U.S.C. § 727(a)(2)(A)

(Transfer of Asset)

156.    Paragraphs 1 through 155 are hereby incorporated.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

157. The Defendants, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred, removed, destroyed, or concealed property of Defendants within one year before the Petition Date by:

a. Transferring an interest in the 2317 Denny Street Property to a third party on or about November 23, 2020.

158. On information and belief, the intended effect of this transfer was to eliminate Defendants' interest in valuable property or to eliminate equity in property in which Defendants had an interest, which interest and equity would have been available to creditors and/or property of the bankruptcy estate but for the transfer within the year preceding the Petition Date.

## SECOND CLAIM FOR RELIEF
### 11 U.S.C. § 727(a)(2)(B)
(Concealment of Assets)

159. Paragraph 1 through 158 are hereby incorporated.

160. The Defendants, with intent to hinder, delay, or defraud a creditor or the Trustee, concealed their legal or equitable interests in property and/or property of the estate, including but not limited to their interests in the Three Denny Street Properties, by failing to disclose them: on their bankruptcy documents, initially at the First Meeting of Creditors, or otherwise to the Trustee until prompted to do so.

## THIRD CLAIM FOR RELIEF
### 11 U.S.C. § 727(a)(3)
(Inadequate Records)

161. Paragraph 1 through 160 are hereby incorporated.

162. The Defendants have concealed, destroyed, or failed to keep or preserve, documents, records and papers from which the Defendants' financial condition might be ascertained with respect to their operation of Rock PI.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

163.     The Defendants have concealed, destroyed, or failed to keep or preserve documents, records and papers from which the Defendants' financial condition might be ascertained with respect to proceeds relating to the Three Denny Street Property sales.

164.     The Defendants have concealed, destroyed, or failed to keep and preserve documents, records and papers from which the Defendants' financial condition might be ascertained with respect to distributions they have received from Rock PI, rental income they have received from the Three Denny Street Properties and Regal Court Property, income they have received from sales of the Three Denny Street Properties, income they have received from Pellego, income they have received from Sands Holdings, LLC, income they have received from Bamboo Consulting, LLC, potential income they have received from Rock PI as employees, and any other undisclosed income sources.

165.     The Defendants have concealed, destroyed, or failed to keep and preserve documents, records and papers from which the Defendants' financial condition might be ascertained with respect to their interest in Chrisol Group.

166.     The Defendants have concealed, destroyed or failed to keep and preserve documents, records and papers from which the Defendants' financial condition might be ascertained with respect to their credit cards, PayPal account, Venmo account, and Zelle account, all of which were responsive to the United States Trustee's Document Subpoena and were not produced.

167.     The Defendants' acts or failures to act were not justified under all the circumstances of the case.

## FOURTH CLAIM FOR RELIEF

### 11 U.S.C. § 727(a)(4)

### (False Oaths)

168.     Paragraphs 1 through 167 are hereby incorporated.

169.     Defendants knowingly and fraudulently made a false oath in connection with their case by failing to disclose material transactions or material facts concerning their financial

COMPLAINT TO DENY DISCHARGE - 25

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

condition, assets or transactions.

170. Each of the Defendants reviewed and signed their Initial Bankruptcy Documents under penalty of perjury as true and correct.

171. On information and belief, the Defendants acted knowingly and fraudulently by failing to disclose their prior ownership interest in the Three Denny Street Properties.

172. On information and belief, the Defendants acted knowingly and fraudulently by failing to disclose their savings account with Bank of America ending in account number x9462 in their bankruptcy Schedules.

173. On information and belief, the Defendants acted knowingly and fraudulently by failing to disclose their interest in Chrisol Group LLC in their bankruptcy Schedules or SOFA.

174. On information and belief, the Defendants acted knowingly and fraudulently by failing to disclose the RSUs in their bankruptcy Schedules.

175. On information and belief, the Defendants acted knowingly and fraudulently by failing to accurately disclose their gross income on the SOFA, omitting several forms of income detailed above, including income relating to Sands Holdings, LLC, Bamboo Consulting, LLC, Pellego, rental income from the Three Denny Street Properties, rental income from the Regal Court Property, sale proceeds from the Three Denny Street Properties, potential income relating to Defendants' employment at Rock PI in 2019, and potential distributions from Rock PI which cannot be fully determined without full and accurate accounting for both the Defendants personally and Rock PI.

176. On information and belief, the Defendants acted knowingly and fraudulently by failing to disclose the Gifts, as defined above, or the 2315 Denny Street Gift, also as defined above, in response to question 13 of the SOFA.

177. On information and belief, the Defendants acted knowingly and fraudulently by failing to disclose in response to question 8 of the SOFA that Defendants provided financial benefits to insider Rock PI by paying off Rock PI debt involved in the 2317 Denny Street Property Sale.

COMPLAINT TO DENY DISCHARGE - 26

178.     Upon information and belief, Defendants falsely testified at the First Creditors Meeting that they had earned no income from Sands Holdings, LLC.

179.     Until confronted with evidence to the contrary, Defendants falsely testified at the First Meeting of Creditors that they had not sold any property in the two years leading up to the Petition Date.

180.     The false oaths set forth above relate to material facts.

181.     The false oaths set forth above were made with fraudulent intent.

182.     The false oaths set forth above were made in or in connection with the Chapter 7 Case.

**FIFTH CLAIM FOR RELIEF**

11 U.S.C. § 727(a)(5)

(Failure to Explain Loss of Assets)

183.     Paragraphs 1 through 182 are hereby incorporated.

184.     Defendants have failed to adequately explain the loss or deficiency of assets to meet their liabilities, including the failure to adequately explain:

    a.     The use of $48,438.77 in sale proceeds from the 2319 Denny Street Property Sale, which the United States Trustee has been unable to locate;

    b.     The use of $19,072.51 in sale proceeds from the 2315 Denny Street Property Sale, which the United States Trustee has been unable to locate;

    c.     The use or disposition of sale proceeds from the 2317 Denny Property Sale to pay off any Rock PI creditors and whether such payment was a gift to Rock PI or loan from the Defendants; and

    d.     Loss of any and all assets relating to Chrisol Group LLC.

COMPLAINT TO DENY DISCHARGE - 27

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

# SIXTH CLAIM FOR RELIEF

## 11 U.S.C. § 727(a)(7)

(Acts in insider Rock PI Chapter 7 Case: Concealment, Transfer of Assets; Lack of Adequate Records; False Oaths; Failure to Explain Loss of Assets)

185.    Paragraphs 1 through 184 are hereby incorporated.

186.    Defendant Ms. Kwon, as 100% managing member of Rock PI, is an insider of Rock PI.

187.    Defendant Mr. Rigon has a community property interest in Defendant Ms. Kwon's 100% interest in Rock PI. As stated above, no prenuptial agreement was entered into between Defendant Mr. Rigon and Defendant Ms. Kwon. Defendants are insiders of Rock PI.

188.    Upon information and belief, pre-Petition Date, other than creating Rock PI bank accounts, it does not appear that Defendants significantly differentiated their personal finances or property from that of Rock PI.

189.    Defendants, within a year of filing their Chapter 7 Case, committed acts specified in paragraphs (2), (3), (4), and (5) of section 727 in connection with another case under Title 11 of the United States Code concerning an insider, Rock PI.

190.    With respect to the Rock PI Chapter 7 Case, the Defendants:

   a.    With intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under Title 11 of the United States Code, Defendants (A) concealed Rock PI's ownership interest in its initial bankruptcy documents involving 5 property transfers: (1) the 47th Avenue Property sale in May 2019, (2) 501 Meeker Street sale in January 2020, (3) 18th Avenue Property sale in May 2020, (4) the 129th Hartford Avenue Property sale in March 2019, and (5) the 5224 Grove Street Property sale in December 2019 (together with the other four sales, the "**5 Undisclosed Rock PI Sales**") in violation of 11 U.S.C. § 727(a)(2); and (B) transferred the 18th Avenue Property within the year preceding the date of the filing of the Rock PI Chapter 7 Case in violation of 11 U.S.C. § 727(a)(2);

   b.    Concealed, destroyed, mutilated or failed to keep or preserve recorded information, including books, documents, records, and papers from which Rock PI's financial condition or business transactions might be ascertained,

COMPLAINT TO DENY DISCHARGE - 28

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

in violation of 11 U.S.C. § 727(a)(3), including, but not limited to, any QuickBooks records; any contemporaneous accounting documents from 2018 until the Rock PI Petition Date; any ledger of transactions between Rock PI and Defendants; any documentation relating to the 5 Undisclosed Rock PI Sales; any proceeds relating to the 5 Undisclosed Rock PI Sales; complete financial accounts including any credit card statements in Rock PI's name; and any other recorded information in Rock PI records that could not be found;

c.   Knowingly and fraudulently made a false oath or account in connection with the Rock PI Chapter 7 Case, in violation of 11 U.S.C. § 727(a)(4), including by failing to accurately disclose the prepetition disposition of the 5 Undisclosed Rock PI sales in the Rock PI statement of financial affairs or at the Rock PI Meeting of Creditors, and failing to accurately disclose all gross income of Rock PI; and

d.   Failed to explain satisfactorily, before determination of denial of Defendants' discharge, the loss of assets or deficiency of assets to meet Rock PI's liabilities in violation of 11 U.S.C. § 727(a)(5), including, but not limited to, failing to account for complete proceeds of the 5 Undisclosed Rock PI Sales, failing to account for the use of loan proceeds relating to the Pink Property, and failing to account for any transfers from Rock PI to the Defendants.

WHEREFORE, the United States Trustee prays for relief as follows:

A.   That the Court enter a judgment denying each Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (B), (a)(3), (a)(4), (a)(5), and (a)(7); and

B.   For such other and further relief as the Court deems just and equitable.

DATED this 30th day of March, 2022.

Respectfully submitted,

Gregory M. Garvin
Acting U.S. Trustee for Region 18

By:      /s/ Ryan S. Moore
          Ryan S. Moore, WSBA #50098
          Attorney for United States Trustee

COMPLAINT TO DENY DISCHARGE - 29