|   |   |
|---|---|
| 1 | Honorable Christopher M. Alston |
| 2 | Chapter 7 |
|   | Hearing Date: July 19, 2023 |
| 3 | Hearing Time: 1:30 p.m. |
|   | Hearing Location: Via ZoomGov |
| 4 | Response Date: July 12, 2023 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re | ) | |
|---|---|---|
| Olivier Francois Rigon and Christine Hui Seoun Kwon, | ) ) ) | Case No. 21-11641-CMA |
| Debtors. | ) ) ) | |
| United States Trustee, | ) ) | Adversary No. 22-01011-CMA |
| Plaintiff, | ) ) | |
| v. | ) ) ) | PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE |
| Olivier Francois Rigon and Christine Hui Seoun Kwon, | ) ) ) | |
| Defendants. | ) | |

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, as incorporated by Fed. R. Bankr. P. 7016(a), the Acting United States Trustee for Region 18, Gregory M. Garvin ("Plaintiff"), hereby respectfully moves to reopen discovery for the limited purpose of seeking discovery on two topics: (1) the March 2023 $820,000[1] purchase of the home located at 20607 26th Ave. E, Spanaway, WA 98387 in Pierce County (the "New Home") by Defendants Olivier

---

[1] A copy of the Real Estate Excise Tax Affidavit from the purchase of the New Home is attached. hereto as Exhibit 1 to the Moore Declaration. The Real Estate Excise Tax Affidavit is a public record and judicially noticeable. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2555, 206-553-2566 (fax)

Francois Rigon and Christine Hui Seoun Kwon ("Defendants") during their Chapter 7 Case and this Adversary Proceeding and (2) the source of funding regarding the New Home. The Defendants took out a $670,000 Deed of Trust which states that payment in full is required under the corresponding Note by 2026.[2]

The United States Trustee did not learn of the Defendants' purchase of the New Home until June 2023. Discovery concluded in February 2023 under the Court's scheduling order. Dkt. Nos. 12, 42. The down payment of approximately $150,000 on the New Home by the Defendants may be at least partially comprised of property of the estate. Defendants have not informed the Plaintiff that they received a post-petition gift or loan. It is hard to conceive of Defendants receiving $150,000 in post-petition earnings, where they claimed monthly disposable income of $798.74. Case No. 21-11641, Dkt. No. 16 at 37. Discovery relating to the New Home purchase may lead to evidence in support of Count II of the Plaintiff's Complaint, i.e., that Defendants have concealed property of the estate from the Trustee and others. Dkt. No. 27.

Specifically, if the motion is granted, Plaintiff intends to seek document and potentially deposition discovery regarding the New Home and with what assets it was acquired from (A) the Defendants, (B) the escrow company, (C) the Chapter 7 Trustee, and (D) any third party involved in funding the approximate $150,000 down payment. The Plaintiff is cautiously optimistic that this discovery can be concluded within 45 days of the Court's order and, thus, should not affect the September pre-trial deadlines or the September and October trial dates.

The Plaintiff is aware the Trustee obtained Rule 2004 orders relating to the New Home. Case No. 21-11641, Dkt. Nos. 97-98. The Trustee and Plaintiff are seeking information for two different purposes. If the down payment comprises property of the estate, the Trustee can seek to obtain it and distribute it for creditors' benefit. The Plaintiff is seeking discovery to determine if Defendants transferred, removed or concealed property of the estate pursuant to his 11 U.S.C. § 727(a)(2)(B) claim. The Plaintiff informally requested this information from the Defendants, through counsel, and received no information relating to the New Home. This motion follows.

---

[2] A copy of the Deed of Trust relating to the purchase of the New Home is attached as Exhibit 2 to the Moore Declaration and is also a matter of public record.

PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2555, 206-553-2566 (fax)

# RELEVANT FACTS

## A.  Background of Chapter 7 Case, and the Plaintiff's Adversary Proceeding.

The Defendants were 100% managing members of a real estate business, Rock PI, LLC ("Rock PI"), founded in 2015, that renovated, flipped, and rented out properties. By 2018, Rock PI was struggling to pay its debts. Despite this, Defendants moved six figures away from their struggling business into Defendants' controlled Chrisol Group LLC ("Chrisol"), then Kwon Irrevocable Trust, and then elsewhere as part of a "tax strategy." Moore Decl., Exhibit 3, Kwon Dep. 27, 33, 56. At the same time they were moving six figures for their own benefit, they were incurring high interest debts with hard money lenders and friends so that Rock PI could continue its real estate ventures. Rock PI filed its bankruptcy petition in February 2021. Within two years of Rock PI's petition date, it sold eleven (11) properties in Washington State. Six were disclosed in Rock PI's statement of financial affairs, five were not.

Approximately six months later, in August 2021, Defendants filed their personal bankruptcy petition. The Defendants failed to disclose in their Statement of Financial Affairs three 2020 property sales which they collectively sold for $574,000 from which they pocketed more than $75,000 rather than giving that money to existing judgment creditors. In their Schedules, the Defendants failed to disclose Chrisol and its bank account; the Kwon Irrevocable Trust and its bank account; a savings account; a life insurance policy; and restricted stock units. The Defendants also failed to disclose several income streams in their Statement of Financial Affairs, including $75,000 from the undisclosed property sales discussed above; $25,000 from Sands Holdings, LLC, a hotel owned by Defendants; and $5,000 from Bamboo Consulting LLC.

It is undisputed that there are sundry non-disclosures in the Defendants' Schedules and Statement of Financial Affairs. The Defendants were aware of these several omissions at the September 28, 2021, initial meeting of creditors, almost two years ago. No amendments have been made relating to these omissions. The Defendants do not dispute that they failed to make all the above disclosures. Instead, they claim that they chose not to disclose certain items due to their lack of value. *See* Dkt. No. 33 at 6.

PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2555, 206-553-2566 (fax)

In addition to failing to disclose several material items required under 11 U.S.C. § 727(a)(4), the Defendants also failed to keep adequate records under 11 U.S.C. § 727(a)(3) and failed to adequately explain lost assets under 11 U.S.C. § 727(a)(5) including but not limited to:

- the disposition of proceeds from the Defendants' three undisclosed 2020 property sales;
- any assets and funds relating to the undisclosed Kwon Irrevocable Trust;
- any assets and funds relating to the undisclosed Chrisol; and
- any assets and funds relating to the undisclosed multi-million-dollar life insurance policy which lists Defendant Mr. Rigon as beneficiary.

In March 2022, the Plaintiff brought his Complaint under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(7), which was amended in January 2023. By the Petition Date in August 2021, Defendants claimed that they had very little money left. To that end, Defendant Ms. Kwon testified at her October 2022 deposition that she was preparing, with the help of Perfect Tax and Finance, their 2018 taxes in 2022 because she "didn't have enough fund to pay to, one, to reconcile our books, and then two, to pay for tax filings. So that's the reason why it has been default [sic] until recently." Moore Decl., Exhibit 3, Kwon Dep. 29:2-8; *see also* Dkt. No. 16 at 4, ¶ 24 ("When it became necessary to seek bankruptcy protection, my businesses were so stressed that I could no longer afford a bookkeeper"). In other words, the Defendants did not have enough money to prepare their 2018 tax returns until 2022 but now, mere months later, have obtained approximately $150,000 to pay for the New Home.

**B.   Defendants' Purchase of the New Home while in Chapter 7.**

In June 2023, the Plaintiff learned from the Chapter 7 Trustee that Defendants had moved out of 1157 NE Regal Ct., Bremerton, WA 98311 (the "Original Residence") and obtained the New Home. *See* Dkt. No. 84. The Defendants have not filed their change of address with the Court pursuant to Fed. R. Bankr. P. 4002(a)(5).

According to publicly available documents, the Defendants purchased the New Home on or about March 29, 2023, for $820,000. Moore Decl., Exhibit 1. The purchase of the New Home was seller financed. The seller provided the Defendants

PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A
LIMITED PURPOSE - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2555, 206-553-2566 (fax)

with a $670,000 Deed of Trust (likely with an accompanying Note) that had a maturity date of 2026. Moore Decl., <u>Exhibit 2</u>. Based on some rough calculations, the Defendants would have been required to bring approximately $150,000 to close on the New Home. Plaintiff has inquired about where these funds came from and has not received any substantive response. Moore Decl., ¶ 9. Plaintiff is aware that the Trustee has also inquired about where these funds came from, and that the Trustee has also not received a response to date. *Id.*, ¶ 10.

## ARGUMENT

**A.** **The Standard**.

Fed. R. Civ. P. 26(b)(1) provides for broad and liberal discovery but limits discovery. based on proportionality. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For a party to successfully reopen discovery, it must establish good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The good cause standard primarily considers the diligence of the party seeking the amendment. *Id.* at 609. Good cause exists where evidence was previously unavailable, or a key witness was not revealed prior to the close of discovery. *See, e.g., United States v. $100,348.00 U.S. Currency*, 157 F. Supp. 2d 1110, 1119 (C.D. Cal. 2001). Here, the Plaintiff could not have conducted discovery relating to the New Home before the deadline because the purchase did not occur until *after* the Scheduling Order's discovery deadline.[3]

**B.** **Plaintiff's Discovery Not Completed Due to Recent Purchase of New Home**.

Count II of the Plaintiff's Complaint involves, among other things, Defendants'. concealment of property of the estate. The purchase of the New Home is directly relevant to this Count because discovery may show that all or a portion of the $150,000 was comprised of property of the estate which the Defendants had concealed. Plaintiff sought an explanation relating to the down payment of the New Home from Defendants' counsel and received no

---

[3] The Plaintiff recognizes that the Scheduling Order states that the motion for an extension must be set for hearing before the applicable deadline. The facts are unique here. The purchase of the New Home did not occur until after the discovery deadline. As a result, the Plaintiff could not have possibly complied with that portion of the Scheduling Order to seek an extension of discovery before February 17, 2023, relating to the facts of the New Home.

PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2555, 206-553-2566 (fax)

substantive response. As a result, the Plaintiff brings this motion to reopen discovery for forty-five (45) days.

## **CONCLUSION**

For the reasons set forth above, the Plaintiff respectfully requests that the Court enter an order reopening discovery for 45 days from the date of the Order for the limited purpose of permitting the Plaintiff to obtain documents and potentially depositions relating to the New Home and how it was purchased from the Defendants, the escrow company, the Chapter 7 Trustee, and any third party who provided funding or a gift to the Defendants.

DATED this 28th day of June 2023.

Respectfully submitted,

Gregory M. Garvin
Acting U.S. Trustee for Region 18

*/s/ Ryan S. Moore*
Ryan S. Moore, WSBA #50098
Attorney for United States Trustee

PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A
LIMITED PURPOSE - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2555, 206-553-2566 (fax)